IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY MASTERSON,

    **Plaintiff,**

    v.                                    CASE NO. 25-3147-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is on post-release supervision. The Court grants Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3).

Plaintiff challenges his post-release supervision conditions. (Doc. 1.) Plaintiff alleges that Defendants have violated his constitutional rights, and "seeks declaratory and injunctive relief to remove all arbitrary supervision conditions and to be exempted from Kansas's oppressive offender registry requirements, so his reintegration can proceed based on evidence and justice—not fear and myth." *Id*. at 3.

Plaintiff's original Complaint was filed on July 30, 2025, and consisted of over 170 pages. His Complaint was not on a Court-approved form. Plaintiff seeks leave to file an amended complaint and a supplemental complaint. On August 4, 2025, Plaintiff filed a Motion for Leave to File First Amended Complaint (Doc. 4). Plaintiff argues that new events occurred in July 2025, "introducing additional facts and claims and implicating a new defendant, the Family Peace Initiative (FPI)." (Doc. 4, at 2.) Plaintiff attaches his proposed first amended complaint, which is not on a Court-approved form. (Doc. 4–1.) Plaintiff alleges that he was released from incarceration

in July 2025, and Kansas correctional and parole officials "have imposed arbitrary, irrational, and retaliatory post-release supervision conditions on the Plaintiff." *Id*. at 1–2.

On August 11, 2025, Plaintiff filed a 56-page Motion to File Supplemental Complaint (Doc. 5). Plaintiff claims that the Supplemental Complaint "challenges specific unconstitutional parole conditions, policies, and enforcement actions . . ." and "includes new facts and claims arising from events on August 4, 2024, that took place after his original civil rights Complaint under 42 U.S.C. § 1983 was filed." *Id*. at 2.

None of Plaintiff's complaints are on the Court-approved form. The Court's Local Rules provide that civil rights complaints under 42 U.S.C. § 1983 "must be on forms approved by the court." D. Kan. Rule 9.1(a)(3). Therefore, the Court will deny Plaintiff's motions and will grant Plaintiff an opportunity to submit an amended complaint on the Court-approved form. All of Plaintiff's claims should be included in the amended complaint to enable to Court to screen Plaintiff's claims.[1]

The Court will grant Plaintiff an opportunity to file a complete and proper amended complaint upon the Court-approved form. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely

---

[1] The Court is required to screen complaints filed by a plaintiff proceeding in forma pauperis. The Court is required to dismiss a case filed by a plaintiff proceeding in forma pauperis:
> at any time if the court determines that—
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be
>      granted; or
>     (iii) seeks monetary relief against a defendant who
>      is immune from such relief.

28 U.S.C. § 1915(e)(2).

supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (25-3147-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

Plaintiff's amended complaint must also comply with Fed. R. Civ. P. 8's pleading standards. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 4, 5) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 26, 2025,** in which to file a complete and proper amended complaint on the Court-approved form.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated August 27, 2025, in Kansas City, Kansas.**

        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**

4