**FILED**
**U.S. District Court**
**District of Kansas**
03/09/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JEFFREY MASTERSON,

**Plaintiff,**

v.                                                 **CASE NO. 25-3147-JWL**

JEFF ZMUDA, et al.,

**Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. At the time of filing, Plaintiff was on post-release supervision. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is ordered to show good cause, in writing to the undersigned, why this matter should not be dismissed or stayed based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

**I. Background**

Plaintiff challenges his post-release supervision conditions. (Doc. 1.) Plaintiff alleges that Defendants have violated his constitutional rights, and "seeks declaratory and injunctive relief to remove all arbitrary supervision conditions and to be exempted from Kansas's oppressive offender registry requirements, so his reintegration can proceed based on evidence and justice—not fear and myth." *Id*. at 3.

Plaintiff's original Complaint was filed on July 30, 2025, and consisted of over 170 pages. His Complaint was not on a Court-approved form. On August 4, 2025, Plaintiff filed a Motion for Leave to File First Amended Complaint (Doc. 4), arguing that new events occurred in July 2025, "introducing additional facts and claims and implicating a new defendant, the Family Peace Initiative (FPI)." (Doc. 4, at 2.) Plaintiff attached his proposed first amended complaint, which

1

was not on a Court-approved form.  (Doc. 4–1.) Plaintiff alleged that he was released from incarceration in July 2025, and Kansas correctional and parole officials "have imposed arbitrary, irrational, and retaliatory post-release supervision conditions on the Plaintiff."  *Id*. at 1–2.

On August 11, 2025, Plaintiff filed a 56-page Motion to File Supplemental Complaint (Doc. 5), claiming that the Supplemental Complaint "challenges specific unconstitutional parole conditions, policies, and enforcement actions . . ." and "includes new facts and claims arising from events on August 4, 2024, that took place after his original civil rights Complaint under 42 U.S.C. § 1983 was filed."  *Id*. at 2.

The Court entered a Memorandum and Order granting Plaintiff until September 26, 2025, in which to file a complete and proper amended complaint on the Court-approved form.  (Doc. 6.) Plaintiff was subsequently placed in custody at the Shawnee County Jail and then the Lansing Correctional Facility in Lansing, Kansas.  Plaintiff sought multiple extensions of time to file an amended complaint.  (Docs. 7, 12, 14.)  On February 4, 2026, Plaintiff provided a change of address noting that he was no longer in custody.  (Doc. 16.)  Plaintiff has now filed his Amended Complaint (Doc. 17) and a Motion for Leave to File Proposed Supplemental Complaint (Doc. 18).

## II.  Amended Complaint

Plaintiff alleges that he is a Kansas parolee on lifetime post-release supervision.  (Doc. 17, at 2.)  He claims he has received three revocations based on "technical allegations and retaliatory enforcement."  *Id*.  Plaintiff lists examples, including various warrantless searches, the escalation of GPS monitoring "despite medical pain complaints," a warrantless home/device raid, compelled password disclosure, and seizure and retention of electronics.  *Id*.

Plaintiff alleges that although the Kansas Department of Corrections' ("KDOC") clinical staff assessed him as low-risk and exempted him from sex-offender programming, Defendants

continue to apply blanket "sex offender" restrictions without individualized findings. *Id*. Plaintiff claims that parole staff are enforcing unwritten blanket bans on YouTube/social media, employment, and participation in lawful community music activities (including after-hours events at schools) without individualized findings. *Id*.

Plaintiff claims that the Defendants' conduct:  constitutes retaliation in violation of the First Amendment; violates his Fourth Amendment right to be free from unreasonable searches/seizures; violates his Fifth Amendment right to be free from compelled self-incrimination; deprives him of procedural and substantive due process in violation of the Fourteenth Amendment; and violations his Eighth Amendment right to be free from cruel and unusual punishment. *Id*.

Plaintiff names the following defendants in his Amended Complaint:  Jeff Zmuda, KDOC Secretary of Corrections; Andrea Allen, KDOC Parole Director; Polly Page, KDOC Parole Supervisor; Cindy Wallace, KDOC Parole Officer; Kim McManus, KDOC Parole Officer; Ashley Haflund, KDOC Parole Officer; Joshua Peery, KDOC Parole Officer; (fnu) Westgate, KDOC Parole Officer; and John/Jane Does 1–10, Unknown KDOC/KBI/Law Enforcement Personnel. *Id*. at 31–34.  Plaintiff sues all Defendants except Jeff Zmuda and the John/Jane Does in both their individual and official capacities. *Id*.  Defendant Zmuda is only sued in his official capacity, and the John/Jane Does are only sued in their individual capacities. *Id*.

As Count I, Plaintiff alleges retaliation in violation of the First Amendment. *Id*. at 5.  He claims that after he criticized the government via a YouTube video and filed court petitions and administrative requests, Defendants took adverse actions against him by escalating supervision restrictions, targeting him for searches and revocation proceedings, and threatened or caused loss of lawful work, education, and community activities. *Id*.

As Count II, Plaintiff alleges warrantless searches and seizures of his phone and electronics in violation of the Fourth Amendment. *Id*. Plaintiff alleges that warrantless searches and seizures were conducted on February 14, 2025, and September 4, 2025. *Id*.

As Count III, Plaintiff alleges a denial of procedural due process in violation of the Fourteenth Amendment. *Id*. at 3. He alleges that the violation occurred during parole revocation proceedings and through conditions enforcement. *Id*. Plaintiff alleges that Defendants imposed/enforced parole conditions and pursued revocation without fair notice and without a meaningful opportunity to contest the factual basis. *Id*. Plaintiff claims that during the revocation proceedings, Defendants failed to provide key evidence in advance and limited Plaintiff's ability to present witnesses and defenses. *Id*. Plaintiff also claims that Defendants relied on arbitrary "blanket" assumptions rather than individualized findings tied to Plaintiff's actual risk and conduct. *Id*. Plaintiff claims that the resulting sanctions included incarceration and ongoing heightened restrictions. *Id*.

Plaintiff attaches pages to his Amended Complaint consisting of Counts IV through LV. *Id*. at 8–30. He adds multiple First Amendment claims, multiple Fourth Amendment claims, Fifth Amendment claims, multiple Fourteenth Amendment claims, a claim based on Employment Interference, a Conspiracy claim, additional Eighth Amendment claims, and Thirteenth Amendment claims. *Id*. His claims are based on Defendants' actions done while he was on parole (including searches, seizures, and retaliation), the conditions of his parole, and his parole revocation proceedings.

Plaintiff seeks a temporary restraining order and a permanent injunction prohibiting Defendants from enforcing blanket sex offender restrictions against Plaintiff without individualized, evidenced-based findings tied to his actual risk and current conduct, including:

4

(a) no categorical bans on lawful internet/app/social media/YouTube use;
(b) no categorical bans on lawful work, education, worship, or community music participation (including after-hours events) absent individualized findings;
(c) no fishing-expedition searches or compelled password disclosure without lawful justification;
(d) prompt return of seized property and preservation/production of records; and
(e) removal/correction of any false or retaliatory designations (e.g., "batterer," rule-violator labels) generated through unconstitutional processes.

*Id.* at 4. Plaintiff also seeks compensatory damages for loss of liberty, property, and emotional distress, and punitive damages against individual Defendants for willful misconduct. *Id.* Plaintiff also seeks costs, attorneys' fees, and "such other relief as the Court deems just and proper, including—if legally available—termination or substantial reduction of supervision/registration burdens as applied to [Plaintiff]." *Id.*

Plaintiff has filed a Motion for Leave to File Proposed Supplemental Complaint (Fed. R. Civ. P. 15(d)) (Doc. 18) seeking to add allegations regarding events that occurred after he filed his Amended Complaint. The Court will grant the motion and direct the Clerk to file Plaintiff's proposed supplement complaint at Doc. 18–1.

## III. Screening

The Court is required to dismiss a case filed by a plaintiff proceeding in forma pauperis:

at any time if the court determines that—

(A) the allegation of poverty is untrue; or
(B) the action or appeal—
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d

1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's pending state court actions, including the supplements and requests for injunctive relief filed in those cases, appear to present the same issues raised in Plaintiff's case before this Court. Therefore, the Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Plaintiff's cases are still

pending. On January 10, 2025, Plaintiff filed a petition for writ of habeas corpus under K.S.A. 60-1501 in state court. *See Masterson v. Zmuda*, Case No. SN-2025-CV-000010 (District Court of Shawnee County, Kansas). Plaintiff challenges his November 14, 2024 hearing by the Kansas Prisoner Review Board ("KPRB") concerning alleged parole violations. *Id.* Plaintiff alleges that after the Board's decision, Parole Officer Wallace imposed a GPS ankle monitor. For relief, Plaintiff sought a new hearing before the KPRB. *Id.* He filed an Amended Petition on June 3, 2025, alleging retaliatory conduct following the filing of his original petition. *Id.* On July 24, 2025, the Shawnee County District Court entered a Memorandum Decision and Order dismissing the petition as untimely and procedurally barred by K.S.A. 60-1501(b). *Id.* On September 29, 2025, Plaintiff filed a motion to vacate the dismissal and reopen the matter, or alternatively for final judgment and an extension of time to appeal. *Id.* The state court denied the motion to reconsider and reinstate the petition on October 16, 2025. *Id.* On October 24, 2025, Plaintiff filed a notice of appeal. *Id.* Plaintiff filed multiple supplements and additions to the record, and the case remains pending on appeal. *Id*; *see also* Case No. 129872 (Kansas Court of Appeals).

Plaintiff has filed two additional actions in state court that remain pending. Plaintiff filed a Kansas Tort Claim Act petition for damages on February 5, 2026. *See Masterson v. Kansas*, Case No. SN-2026-CV-000082 (District Court of Shawnee County, Kansas). Plaintiff also filed a second petition under K.S.A. 60-1501 on February 13, 2026. *See Masterson v. Zmuda*, Case No. SN-2026-CV-000107 (District Court of Shawnee County, Kansas).

Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described

as "Our Federalism.") (citing *Younger*, 401 U.S. at 44).   Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies.   *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *see also Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).   Plaintiff should show good cause why this matter should not be dismissed or stayed based on *Younger* abstention.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Proposed Supplemental Complaint (Fed. R. Civ. P. 15(d)) (Doc. 18) is **granted**.  The Clerk is directed to file Doc. 18–1 as Plaintiff's Supplemental Complaint.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 9, 2026,** in which to show good cause, in writing to the undersigned, why this matter should not be dismissed or stayed based on *Younger* abstention.

**IT IS SO ORDERED**.

**Dated March 9, 2026, in Kansas City, Kansas.**

S/ **John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**