IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY MASTERSON,

     **Plaintiff,**

     v.                            **CASE NO.  25-3147-JWL**

JEFF ZMUDA, et al.,

     **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983.  At the time of filing, Plaintiff was on post-release supervision.  The Court granted Plaintiff leave to proceed in forma pauperis.  On March 9, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 19) ("MOSC") ordering Plaintiff to show good cause why this matter should not be dismissed or stayed based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  This matter is before the Court on Plaintiff's response (Doc. 21).

The Court found in the MOSC that Plaintiff's pending state court actions, including the supplements and requests for injunctive relief filed in those cases, appear to present the same issues raised in Plaintiff's case before this Court.  The Court set forth Plaintiff's pending state court actions in detail in the MOSC.  The Court ordered Plaintiff to show good cause why this matter should not be dismissed or stayed based on *Younger* abstention.

In his response, Plaintiff cites *Sprint Commc'ns, Inc. v. Jacobs*, and argues that *Younger* abstention only applies to: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings similar to criminal prosecutions; and (3) civil proceedings that are uniquely aimed at supporting the ability of the state courts to carry out their jurisdiction functions.  Doc. 21, at 2 (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013)).  Plaintiff then argues that

1

none of his state court proceedings fall within the three categories set out in *Sprint*. *Id*.

Plaintiff also argues that the state proceedings do not provide an adequate opportunity to litigate his federal constitutional issues, because K.S.A. 60-1501 does not provide a damage remedy, and his claim under the Kansas Tort Claims Act is subject to statutory restrictions prohibiting him from recovering unlimited compensatory damages, punitive damages against individual defendants, and attorney fees. *Id*. at 4–5. He also argues that different legal theories and defenses are involved. *Id*. at 5, 7.

Plaintiff claims that the exceptions to *Younger* abstention for bad faith, harassment, and extraordinary circumstances should apply. *Id*. at 9. Plaintiff alleges a pattern of escalating enforcement after he filed his state habeas petition, corresponded with supervisors, and participated in public speech. *Id*. He also alleges that enforcement actions were carried out in bad faith or as harassment. *Id*. at 9–10. He claims that at a minimum, these facts should weigh against dismissal and support the narrower approach of keeping jurisdiction and staying this case until the state proceedings have concluded. *Id*. at 11.

Even where *Younger* abstention is not mandatory, courts may conclude "that abstention [is] appropriate under *Colorado River*'s principles of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *CNSP, Inc. v. City of Santa Fe*, 753 F. App'x 584, 587 (10th Cir. 2018) (unpublished) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (brackets and internal quotation marks omitted); *see D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 n.13 (10th Cir. 2013) (recognizing that "[i]n the strictest sense, the *Colorado River* doctrine is not an abstention doctrine at all. Rather, it is a judicially crafted doctrine of efficiency that arose to fill a gap in the federal courts' existing inventory of abstention principles.")).

Plaintiff states that his main request is that this case not be dismissed.  (Doc. 21, at 1.)  He states that if the Court finds that *Younger* abstention applies to any part of this case, he requests a stay rather than dismissal.  *Id*.  The Court will stay this case pending resolution of Plaintiff's state court proceedings.  Plaintiff shall notify the Court when his state court proceedings have been concluded.  Plaintiff shall also provide the Court with a status report every 60 days until his state court proceedings have been concluded.

**IT IS THEREFORE ORDERED** that this matter is **stayed** pending resolution of Plaintiff's state court proceedings.  Plaintiff shall notify the Court when his state court proceedings have been concluded.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a status report every 60 days until his state court proceedings have been concluded.

**IT IS SO ORDERED**.

**Dated March 24, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**